

**FILED**
**FEBRUARY 5, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SILICON KNIGHTS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| EPIC GAMES, INC. ) | Case No. 5-07-00275-D |
| ) | (Eastern District of North Carolina, |
| Defendant. ) | Western Division) |
| ) | |
| ) | |
| ) | |

**08 C 782**

**JUDGE GETTLEMAN**
**MAGISTRATE JUDGE SCHENKIER**

## MIDWAY GAMES INC.'S MOTION TO QUASH SUBPOENA

Now comes Third Party, Midway Games Inc., by and though it attorneys, Howrey LLP, and moves, pursuant to Rule 45(c)(3)(A)-(B) of the Federal Rules of Civil Procedure to quash the subpoena issued by Silicon Knights in connection with a lawsuit pending in the Eastern District of North Carolina between Silicon Knights, Inc. and Epic Games, Inc. A copy of the subpoena and its rider is attached hereto and marked as Exhibit A ("Subpoena"). In moving to quash the subpoena issued to Midway Games Inc., ("Midway"), as reasons therefore, Midway states as follows:

1. Midway is not a party to the litigation pending in the Eastern District of North Carolina between Silicon Knights, Inc. ("Silicon") and Epic Games, Inc. ("Epic"). Furthermore, Midway is not a party to the subject contract with Epic: the corporation that contracts with Epic is a different corporate entity incorporated under the laws of the state of Delaware.

2. The Subpoena served by Silicon requests that Midway disclose its confidential proprietary information to its competitor, Silicon.

3. Midway is a corporation that develops best selling video games such as Mortal Kombat, and the Suffering, which is an action adventure game with combat, puzzles and imaginary creatures.

4. Silicon is a corporation that is dedicated to creating superior original videogames, such as Eternal Darkness: Sanity's Requiem™, an action adventure game with combat, puzzles and magic.

5. A direct competitor to Midway, Silicon requests documents regarding Midway's products and the procurement of component parts from a vendor, including the confidential communications conducted to create proprietary improved components. The information requested includes the details of communications and negotiations between a different Delaware corporation and Epic, and the collaboration between them to create improved components for the games. This information is confidential and is not available to the public, or indeed to Midway's competitors.

6. This Court may quash a subpoena if it "requires disclosure of a trade secret or other confidential research, development or commercial information" F.R.C.P. 45(c)(3)(B)(i).

7. When a party seeks confidential information pursuant to a subpoena, "the burden is on the party seeking discovery to establish that the information is sufficiently relevant and necessary to his case to outweigh the harm disclosure would cause to the person from whom he is seeking the information." *Concord Boat Corp. v. Brunswick Corp.*, No. 96 C 6026, 1996 WL 705260, at *2 (N.D. IL. Dec. 4, 1996).

8. Confidential information includes information which is not generally known or made available to the public. *Id.* at *2.

9. In determining whether the party seeking disclosure has showed sufficient relevance and need to outweigh the harm to the responding party, the Court must consider several factors including: the relevance of the requested material, the party's need for the information, whether the requests are burdensome, the fact that the subpoenaed entity is a non-party to the underlying litigation and the fact that the disclosures would be made to competitors. *Id.* at *2.

10. The documents requested relate to contractual dealings between a different Delaware corporation and Epic and the product components it has received from Epic Games. . There can be no documents from Midway in response to these requests that are relevant to claims relating to Epic's dealings with Midway's competitor Silicon. *See* Exhibit A.

11. Silicon must also show a great need for these documents, that documents of a similar nature can not be obtained from other sources. For example, aggregate information relating to other customers may be available from Epic itself which would not burden a non-party or provide specific information on a competitor to Silicon Knights.

12. The requests in the Subpoena are overbroad and burdensome as they specify no time limitation but rather ask for every single document regarding a component from Epic in a competitor's computer game products. *See* Exhibit A.

13. Importantly, Midway is not a party to this litigation, but rather is a competitor of Silicon. Documents relating purely to Midway's relationship with Epic are confidential and important to continuing business relationships and product development. Midway should not be required to search for and produce a multitude of documents in litigation between its competitor and another business.

14. Crucially, Midway is a competitor to Silicon. Silicon is seeking to obtain confidential information relating to Midway's, or indeed a different Delaware corporation's, confidential business dealings with Epic, including enhancements that have been made to Epic's products. The enhancements to Epic's products are then used in direct competition with Silicon Knights.

15. All the factors to be weighed weigh against granting Silicon Knights the right to collect this confidential information from its competitor Midway. It is Silicon's burden to demonstrate to the court that the relevance and the need for these documents outweigh the numerous burdens the requests create.

16. Furthermore, the Subpoena does not allow sufficient time to respond. It was received on January 25, 2008 after being served by U.S. Mail. It requires a response by February 6, 2008 and includes numerous categories of sensitive material that would need to be searched for and obtained. The Subpoena does not allow a reasonable time for compliance as required by F.R.C.P. 45(c)(3)(A)(i).

17. In addition to seeking private and confidential information from non-party Midway, the subpoena was sent by regular mail on January 16, 2007 rather than January 25, 2007, rather than personal service. Although a proof of service is attached, it is fatally inadequate as it provides no details about method of service or even date of service. Rule 45(b)(3) requires that "proof of service when necessary shall be made by filing with the clerk of court by which the subpoena is issued a statement of the date and manner of service and of the names of the persons served, certified by the person who made the service." The proof of service attached to the Subpoena had neither the date, nor the manner of service. It did not

include the names of the persons served and was not certified by the person who made the service. It only states "Served."

WHEREFORE, non-party Midway prays that this Court enter an order quashing the entirety of the Subpoena served upon Midway Games, Inc.

Dated: February 5, 2008                                          MIDWAY GAMES INC,


                                                                 By:   /s/ Gerald O. Sweeney, Jr.
                                                                        One of Its Attorneys

Gerald O. Sweeney, Jr.
Howrey LLP
321 North Clark Street
Suite 3400
Chicago, IL 60610
312-595-1239

## CERTIFICATE OF SERVICE

I, Gerald O. Sweeney, Jr., an attorney, certify that I caused a copy of the foregoing Midway Games, Inc.'s Notice of Motion and Motion to Quash Subpoena to be served upon:

| | |
|---|---|
| Anjali Kumar Karani<br>Krieg, Keller, Sloan, Reilley & Roman LLP<br>3737 Glenwood Ave, Suite 400<br>Raleigh, NC 21512<br><br>Christopher T. Holland<br>Garth A. Rosengren<br>cholland@kksrr.com<br>grosengren@kksrr.com<br>Krieg, Keller, Sloan, Reilley & Roman LLP<br>114 Sansome Street, 4th Floor<br>San Francisco, CA 94104<br><br>Hayden J. Silver, III<br>Betsy Cooke<br>jaysilver@kilpatrickstockton.com<br>bcooke@kilpatrickstockton.com<br>Kilpatrick Stockton LLP<br>3737 Glenwood Ave, Suite #400<br>Raleigh, N.C. 27612<br><br>*Attorneys for Plaintiff Silicon Knights, Inc.* | Douglas Kenyon<br>dkenyon@hunton.com<br>Robert Van Arnam<br>rvanarnam@hunton.com<br>Hunton & Williams LLP<br>P.O. Box 109<br>Raleigh, North Carolina 27602<br><br>*Counsel for Epic Games, Inc.* |

on this 5th day of February, 2008, via U.S. Mail postage pre-paid and electronic mail to the addresses indicated above.

By:    /s/ Gerald O. Sweeney, Jr.
       Gerald O. Sweeney, Jr.