**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SILICON KNIGHTS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EPIC GAMES, INC. | ) | Case No. 5-07-00275-D |
| | ) | (Eastern District of North Carolina, |
| Defendant. | ) | Western Division) |
| | ) | |
| | ) | |
| | ) | |

**EXHIBIT A TO MIDWAY GAMES INC.'S**
**<u>MOTION TO QUASH SUBPOENA</u>**

# Exhibit A




**RECEIVED**

JAN 2 5 2008

MIDWAY GAMES INC
LEGAL DEPT



**KRIEG
KELLER
SLOAN
REILLEY
& ROMAN**
LLP · ATTORNEYS

January 16, 2008

*Via Hand Service*

Midway Games, Inc.
Attn: Legal Department
2704 West Roscoe Street
Chicago, Illinois 60618

      Re:    Silicon Knights, Inc., v. Epic Games, Inc.
               Case No: 5-07-00275-D, United States District Court for the Eastern District of
               North Carolina, Western Division

Dear Sir or Madam:

      Enclosed is a subpoena for production of records by Midway Games, Inc. in connection with a lawsuit filed by Silicon Knights, Inc., against Epic Games, Inc., now pending in the United States District Court for the Eastern District of North Carolina, Western Division. The subpoena directs that Midway Games, Inc. produce the requested documents (the requests are attached as Exhibit A to the subpoena) by 9:00 a.m. on February 6, 2008 at Esquire Legal Services, 311 West Monroe Street, Suite 1200, Chicago, IL 60606, which, as we understand, is close to where Midway Games, Inc. is located.

      However, if it is more convenient, Midway Games, Inc. may instead send copies of the responsive documents to my attention at the address listed above. Silicon Knights will provide a Federal Express number to cover any shipping costs that Midway Games, Inc. may incur for this process. In addition, if it is easier for you to produce the documents in electronic fashion, we are amenable to that format as well.

      Also enclosed along with the subpoena is a copy of the Protective Order proposed in the above-captioned matter. Please note that although this is a "proposed" protective order, none of the substantive sections dealing with confidentiality designations for non-parties are in dispute. Specifically, section 7(a) states that "parties shall treat as "HIGHLY CONFIDENTIAL" all material produced by a non-party not previously designated hereunder as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" until the expiration of fifteen (15) business days after the receipt by counsel of the material from the non-party."

      If you have any concerns about the subpoena or would like us to speak to your outside counsel, please do not hesitate to contact me at (415) 249-8330 or akurani@kksrr.com. Thank you for your cooperation in this matter.

      Very truly yours,

*Anjali Kumar Kurani*

Anjali Kumar Kurani

AO88 (Rev. 12/06) Subpoena in a Civil Case

### Issued by the
# UNITED STATES DISTRICT COURT

NORTHERN   DISTRICT OF   ILLINOIS (EASTERN DIVISION)

Silicon Knights, Inc.

V.

Epic Games, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  5:07-CV-00275-D

TO:   Midway Games Inc.
      Attn: Legal Department
      2704 West Roscoe Street
      Chicago, Illinois 60618

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A (attached).

| PLACE   Esquire Legal Services, 311 West Monroe Street, Suite 1200, Chicago, IL  60606 | DATE AND TIME 2/6/2008 9:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *B. Cooke* | 1/16/08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Betsy Cooke, Kilpatrick Stockton LLP, Attorneys for Plaintiff, Silicon Knights, Inc., 3737 Glenwood Avenue, Suite 400, Raleigh, NC 27612, (919) 420-1711

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                            DATE                                               SIGNATURE OF SERVER

                                                                                _____
                                                                                ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## DEFINITIONS

A.    "Documents" means documents and electronically stored information as those terms are used in Rule 34 of the Federal Rules of Civil Procedure.

B.    "Documents sufficient to identify," means documents that reveal the person's name, current or last known address, and current or last known telephone number.

C.    "Unreal Engines" means any version of the Unreal Engine at any time, including without limitation Unreal Engine 1, Unreal Engine 2, Unreal Engine 2.5, Unreal Engine 3, and/or Unreal Engine 4.

D.    "Epic" means Epic Games, Inc., a Maryland Corporation with its principal place of business in Cary, North Carolina and the Defendant/Counterclaim Plaintiff in the above entitled action.

E.    "License Agreements" means any agreement relating to the use of any technology made or licensed by Epic Games, Inc., including but not limited to any version of the Unreal Engines, including but not limited to Unreal Engine 3, including any and all attachments, amendments, exhibits, schedules, drafts, and revisions thereto and documents relating to termination thereof.

F.    "You," "Your," and/or "Licensee" means Midway Games, Inc., any parent, any predecessor, subsidiary or affiliated entity of Midway Games, Inc. and any person, including any agent, consultant, contractor, employee, representative, attorney, expert, investigator, or insurer, acting or purporting to act, or having acted or having purported to act, on behalf of the foregoing.

## DOCUMENT REQUESTS

1.    Any and all contracts, including but not limited to any and all License Agreements, entered into between You and Epic Games, Inc., including but not limited to the games "BlackSite: Area 51," "Mortal Kombat 8," "Hour of Victory," "Unreal Tournament 3," "The Wheelman," "TNA iMPACT!," and "John Woo's Stranglehold."

2.    Any and all documents referring and/or relating to Epic.

3.    Any and all documents referring and/or relating to the Unreal Engines.

4.    Any correspondence, memoranda, emails and/or other documents relating to all "Enhancements" – as that term is used in the license agreement for any and all of the Unreal Engines – of the Unreal Engines by You.

5.    Any and all documents referring or relating to the Unreal Engine 3, including but not limited to any aspect of use, build, maintenance, deployment, training, technical support, performance and/or problems with the Unreal Engine 3.

6.    Any and all documents referring or relating to the performance of the Unreal Engine 3 with Your products, including but not limited to the games "BlackSite: Area 51," "Mortal Kombat 8," "Hour of Victory," "Unreal Tournament 3," "The Wheelman," "TNA iMPACT!," and "John Woo's Stranglehold," including, but not limited to, in connection with the design or development of such products.

7.    Any and all documents referring or relating to any complaints, including but not limited to any formal complaints filed in lawsuits, made by You regarding Epic and/or the Unreal Engines involving, among other things, delays, cut backs, monetary losses, personnel changes, contract renegotiations, and/or other problems incurred, experienced or suffered by You as a result of Epic or the Unreal Engines.

8.    Documents sufficient to identify each and every person at Midway Games, Inc. involved in the negotiation, drafting, preparation and/or implementation of any contract including but not limited to any License Agreement with Epic.

9.    Documents sufficient to identify each and every person at Midway Games, Inc. who worked with, upon, around and/or in conjunction with the Unreal Engines.

10.    Any and all documents referring or relating to the Unreal Developer's Network

("UDN"), including, but not limited to, any posts made or accessed by You on the Unreal

Developer's Network, for any purpose whatsoever.

# PROPOSED PROTECTIVE ORDER

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

SILICON KNIGHTS, INC.,
An Ontario (Canada) Corporation,

                                    Plaintiff,

    v.

EPIC GAMES, INC.,
a North Carolina Company,

                                    Defendant.

Civil Action No. 5-07-CV-00275-D

## [PROPOSED] PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26, and it appearing that discovery in the above-captioned action will involve the disclosure of Confidential Information,

IT IS HEREBY ORDERED that Silicon Knights, Inc. ("Silicon Knights") and Epic Games, Inc. ("Epic") (collectively, "the parties"), and any non-party, that, by itself or through its counsel, agrees to the terms of this Protective Order as provided herein, shall be governed by the following terms and conditions in connection with the production of Confidential Information (as defined herein) in this action.

1.    **Introduction and Scope.** This Protective Order shall govern any and all manner and means of discovery, including entry onto land or premises, and inspection of any and all documents and electronically stored information. This Order applies to all information produced or disclosed since the filing of this action regardless of whether such information was produced or disclosed prior to or after the entry of this Order.

2.    **Limitation of Protective Order.** This Protective Order is not intended to address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege

or work product immunity nor to preclude either party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

**3.     Definitions**

a.     The term "Confidential Information" means any information, whether oral or in documents, electronically stored information, or tangible things that any producing person (as defined herein) reasonably and in good faith believes is of the type protectable under Federal Rule of Civil Procedure 26(c)(7) and is so designated by the producing person in accordance with this Order.   "Confidential Information" collectively refers to information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to Sections 4 and 5, below.

b.     The term "consultant" for purposes of this Protective Order, shall be defined as a person to whom it is necessary to disclose Confidential Information for the purposes of this litigation, including but not limited to a testifying expert, who is not a current or former employee of either party, and who is retained (during the pendancy of this litigation) solely as a bona fide consultant or expert for purposes of this (or other) litigation, whether full or part time, by or at the direction of counsel for a party.

c.     The term "document" means both documents and electronically stored information, as those terms are used in Rule 34(a), Fed. R. Civ. P. A draft or non-identical copy is a separate document within the meaning of the term.

d.     The term "person" means any natural person, corporation, partnership, sole proprietorship, group, association, organization, business entity, governmental body, or agency.

e.     The term "producing person" means any person, whether a party or non-party, that produces or discloses any information in response to any discovery method permitted

2

by the Federal Rules of Civil Procedure or that provides or discloses information during a hearing or other proceeding in this action.

   f.  The term "receiving party" means any person to whom information is disclosed in this action in response to any discovery method permitted by the Federal Rules of Civil Procedure.

  **4.** **"CONFIDENTIAL" Information.** Confidential Information shall be treated as: "CONFIDENTIAL"(1) if it has been produced by a producing person; and (2) has been designated as "CONFIDENTIAL." Absent a specific order by the Court, once designated as "CONFIDENTIAL," such information shall be used by the parties solely in connection with this present litigation between them, and not for any other purpose, including but not limited to any business, competitive, or governmental purpose or function, including patent prosecution, and such information shall not be disclosed to anyone except as provided herein.

  **5.** **"HIGHLY CONFIDENTIAL" Information.** To designate information as "HIGHLY CONFIDENTIAL," the producing person must reasonably and in good faith believe that the information satisfies the criteria for designating such information as "CONFIDENTIAL" pursuant to Section 4 above, and reflects: (1) highly confidential business information, marketing plans, strategies, or methods, including business planning or financial documents having current or future applicability; or (2) sensitive non-public information that: (i) as of the date of production, has been subject to the strict internal controls limiting dissemination within the designating party; and (ii) if not designated "HIGHLY CONFIDENTIAL," and if disclosed to persons other than those who are permitted access pursuant to this Protective Order, would likely cause the producing person substantial commercial harm. By way of example, and not limitation, "HIGHLY CONFIDENTIAL" information includes: (a) material that the producing

3

party believes reasonably and in good faith contains any trade secret or other confidential

research, as well as (b) development, technical, business, or financial information that has not

been made public and has current or future applicability – such as business plans or strategies;

costs or pricing information; sales and revenue information; contemplated, actual, or prospective

business dealings with third-parties; and game creation or development strategy. "HIGHLY

CONFIDENTIAL" information expressly includes, but is not limited to, the source and object

code and related information for each party's respective videogames and game engines

(including, e.g., Epic's *Gears of War, Unreal Tournament 2007,* and Unreal Engine 3 as well as

Silicon Knights' *Too Human,* its second title currently under development, and the "Silicon

Knights Engine").

6.    **Confidentiality of Party's Own Documents.**    This Protective Order has no

effect upon, and shall not apply to, a party's use or disclosure of its own Confidential

Information for any purpose. Such disclosure shall not waive the protection of this Protective

Order and shall not entitle other parties or their attorneys to disclose such information in

violation of it.

7.    **Designation.**    The designation of information as "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL" for purposes of this Protective Order shall be made in the

following manner by the party or non-party seeking protection, and shall further be consistent

with any applicable Local Rule of the United States District Court for the Eastern District of

North Carolina, Western Division:

(a) In the case of documents, exhibits, briefs, memoranda, interrogatory responses,

responses to requests for admission, or other materials (apart from depositions or other pretrial or

trial testimony): by affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to

4

any material containing any Confidential Information at the time such materials are produced, or as soon thereafter as the party or non-party seeking protection becomes aware of the confidential nature of the information disclosed and sought to be protected hereunder. If such material was produced by a non-party, any party seeking protection must also provide written notice to all parties of the relevant document numbers or other reasonable identification of the relevant materials within fifteen (15) days of so designating the information. The parties shall treat as "HIGHLY CONFIDENTIAL" all material produced by a non-party not previously designated hereunder as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" until the expiration of fifteen (15) business days after the receipt by counsel of the material from the non-party. The parties may modify this procedure for any particular material and/or third-party by written stipulation, without further order of the Court.

(b) In the case of depositions: (1) by a statement on the record, by counsel, during such deposition that the entire transcript or a portion thereof shall be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" hereunder; or (ii) by written notice of such designation to counsel for all other parties and the court reporter within fifteen (15) business days following the receipt of the transcript of the deposition. During a deposition, the deponent, the deponent's counsel, or any other counsel of record present at the deposition may invoke the provisions of this Protective Order in a timely manner, giving adequate warning to counsel for the party or non-party that testimony about to be given is deemed to be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The designating party shall have the right to exclude any person not entitled under this Protective Order to receive the Confidential Information. The parties shall treat as "HIGHLY CONFIDENTIAL" all depositions not previously designated hereunder as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" until

5

the expiration of fifteen (15) business days after the receipt by counsel of the transcript of the deposition. The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court.

(c) In the case of hearing testimony or argument, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of Confidential Information, counsel may designate on the record prior to such disclosure that the information should be deemed to be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Whenever information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is to be discussed in a hearing or other proceeding, the designating party shall have the right to exclude any person not entitled under this Protective Order to receive the Confidential Information.

8.     **Access To "CONFIDENTIAL" Information.** Information designated as "CONFIDENTIAL," or copies or extracts therefrom and compilations and summaries thereof, shall be used solely in connection with and for purposes of this litigation between the parties and may be disclosed only to the following persons:

(a) outside counsel of record engaged to represent one of the parties to this action, including legal assistants and stenographic and clerical employees assisting such counsel and outside vendors engaged by such counsel to scan and/or code documents;

(b) in-house lawyers who are advising a party regarding this action, including legal assistants and stenographic and clerical employees assisting these persons;

(c) employees of the parties to whom the parties in good faith believe need to have access to such information for the prosecution or defense of this matter, subject to and conditioned upon compliance with Section 11, herein;

(d) consultants of the parties who are assisting counsel identified in (a) and (b) in this action and any assistants and stenographic and clerical employees under their direct supervision, subject to and conditioned upon compliance with Section 11, herein;

(e) the Court and Court personnel, including stenographic reporters;

(f) graphics or design service providers retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial or other court proceedings in this action, subject to and conditioned upon compliance with Section 11, herein;

(g) jury or trial consulting service providers retained by counsel for a party, and participants in related mock jury exercises, database managers and the like, subject to and conditioned upon compliance with Section 11, herein; and,

(h) any other person only upon order of the Court or upon prior written consent of all parties, subject to and conditioned upon compliance with Section 11, herein.

It is understood, however, that counsel for a party may give advice and opinions to his or her client based on his or her evaluation of information designated as "CONFIDENTIAL" produced by the opposing party or a non-party, provided that such rendering of advice and opinions shall not directly or indirectly reveal the content of such information except by prior agreement with opposing counsel.

9.     **Access to "HIGHLY CONFIDENTIAL" Information**. Information designated as "HIGHLY CONFIDENTIAL" and/or copies or extracts therefrom and compilations and summaries thereof, shall be used solely in connection with and for purposes of this litigation between the parties and shall not be disclosed to any person other than persons qualified under sub-parts (a), (d), (e), (f), (g), and (h) of Section 8, subject to and conditioned upon compliance with Section 11, herein. It is understood, however, that counsel for a party may give advice and

7

opinions to his or her client based on his or her evaluation of information designated as "HIGHLY CONFIDENTIAL" produced by the opposing party provided that such rendering of advice and opinions shall not directly or indirectly reveal the content of such information except by prior agreement with opposing counsel.

10. **Custody of Designated Materials**. All Confidential Information covered by this Order shall be kept in secure facilities at the offices of persons permitted to see such information as set forth in Sections 8 and 9 of this Order.

11. **Procedure For Designated Employees and Consultants Access To Confidential Information**. The parties agree that all persons listed in Sections 8(a) - 8(h) above may be given access to information designated as "CONFIDENTIAL," and that all persons listed in Sections 8(a), 8(d), 8(e), 8(f), 8(g), and 8(h) above may be given access to information designated as "HIGHLY CONFIDENTIAL" provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of the declaration attached hereto as Exhibit A.

12. **Use By Witness Who Received Or Authored**. Notwithstanding Sections 8 and 9 herein, in preparation for a deposition or trial, or for examination at a deposition or trial, any witness or potential witness may be shown Confidential Information that: (a) the witness has authored or (b) the witness has been identified as an addressee or copy recipient prior to and apart from this action.

13. **Challenge To Confidentiality Designation/Protective Order**. This Order is entered solely for the purpose of facilitating the exchange of information between the parties to this action without involving the Court unnecessarily in this process. Nothing in this Order, nor the production of any documents or disclosure of any information pursuant to this Order, shall be

8

deemed to have the effect of (a) an admission or waiver, including waiver under the rules of evidence, by any party or other subscriber to this Order; (b) altering the confidentiality or nonconfidentiality of any such information; or (c) altering any existing obligation of any party or other subscriber, or the absence of such obligation. Further, nothing herein shall be taken as indicating that any document or information designated as Confidential Information is entitled to confidential treatment. If the receiving party desires to disclose Confidential Information to a non-qualified person, or if it disagrees with the confidentiality designation by the producing person, then the receiving party shall so notify counsel for the producing person in writing. Pending resolution of any dispute as to the confidential treatment of information, such information shall be treated under this Order as Confidential Information of the sort designated by the producing person.

A party that elects to initiate a challenge to a designating party's confidentiality designation must do so in good faith and in writing must: (1) identify with particularity (i.e., by Bates number, page and line of deposition transcript; or otherwise) the challenged material and/or information; (2) explain the basis for its belief that the confidentiality designation was not proper; and (3) give the designating party a minimum of ten (10) business days to review the designated material and change the designation or explain the basis for the original designation. If the designating party does not respond, provide adequate justification or agree to re-designate the material, the objecting party may seek relief of court. The original designation shall remain effective until three (3) court days after entry of an order re-designating the materials. Once information is deemed re-designated, substitute copies thereof shall be produced by the original designating party bearing the appropriate designation or lack thereof. In addition, this Protective

9

Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders.

     14.   **Filing Confidential Information.** To the extent that a party or non-party believes it necessary to submit Confidential Information in a document to be filed with the Court, that party or non-party shall file such information under seal, and such information shall not be available for public inspection. All such information filed with the Court shall be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the title of this action, the word "CONFIDENTIAL," and a statement substantially in the following form:

**FILED UNDER SEAL**

     By order of the Court, entered on [date], this envelope is to remain sealed, and the Clerk of the Court shall not reveal the contents thereof to any person until further order of this Court.

     15.   **Filing Under Seal.** Before filing any Confidential Information that has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party who produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule 79.2(e), EDNC, with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court, however. Within 10 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The party who initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and

10

opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

16.    **Use of Confidential Information In Court Proceedings.** In the event that any information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" hereunder is used in any court proceeding in this action or any appeal therefrom, such information shall not lose its status as Confidential Information through such use. Counsel for the parties shall confer on such procedures as are necessary to protect the confidentiality of any information used in the course of any court proceedings, and shall incorporate such procedures, as appropriate, in the pre-trial order.

17.    **Counsel Bound By Protective Order.** All counsel for the parties who have access to information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Protective Order, including in-house counsel qualified to have access to "CONFIDENTIAL" information under Section 8(b), herein, acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

18.    **No Prejudice.** Entering into, agreeing to, and/or producing or receiving information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or otherwise complying with the terms of this Protective Order shall not:

(a)    Operate as an admission by any party that any particular information designated

11

as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of Confidential Information;

(b)     Operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be Confidential Information;

(c)     Prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery;

(d)     Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

(e)     Prejudice in any way the rights of a party to seek a determination by the Court whether any information should be subject to the terms of this Protective Order;

(f)     Prejudice in any way the rights of a party to petition the Court for a modification of this Protective Order or for a further protective order relating to any Confidential Information or other information;

(g)     Prejudice in any way the rights of a party to make a separate application to the Court that information of proprietary or competitive value, but which is not specifically included in the categories of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information itemized in Sections 4 and 5, above, should be properly designated as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL;"

(h)     Prejudice in any way the rights of a party to ask the Court to permit any person, otherwise subject to exclusion from any part of a hearing or proceeding at which Confidential Information may be disclosed, to remain present during the hearing or proceeding

notwithstanding the disclosure of the Confidential Information,

(i)     Prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information.

**19.     Inadvertent Production of Privileged or Confidential Information.**  In the event any document is produced that the producing person later claims is protected by the attorney-client privilege, work product doctrine, or other privilege or immunity, the receiving party shall, within five (5) business days of receipt of a written request by the producing person, return the original to the producing person, destroy all copies thereof, as well as all notes, memoranda or other documents that summarize, discuss, or quote the document, and delete any copy of the document, or any portion thereof, from any word processing or data base tape or disk it maintains.  Production of privileged, work-product-protected, or otherwise immune documents in the course of discovery in this action shall not constitute a waiver of any privilege, work product protection, or immunity, either as to the produced document or as to any other documents or communications.  Return of a document for which the producing person has asserted a claim of privilege, work-product-protection, or immunity under this section shall be without prejudice to the receiving party's right to seek an order from the Court directing production of the document on the ground that the claimed privilege, work product protection, or immunity is invalid or inapplicable, provided, however, that mere production of the document in the course of this action shall not be a ground for asserting waiver of the privilege, protection, or immunity.  Inadvertent failure to designate any information pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within fifteen (15) days of the discovery of the inadvertent failure.  At such time,

arrangements shall be made for the return to the designating party of all copies of the inadvertently mis-designated or undesignated documents and for the substitution, where appropriate, of properly designated copies.

**20.    Modification by Stipulation.**  This Protective Order may be modified, and any matter related to it may be resolved by written stipulation of the parties upon entry of such stipulation as an Order of the Court.

**21.    Non-Termination.**  The restrictions on use of Confidential Information set forth in this Protective Order shall survive the conclusion of this litigation and, after conclusion of this litigation, the Court shall exercise limited jurisdiction for the purpose of enforcing this Protective Order.

**22.    Final Disposition.**  The provisions of this Protective Order shall, absent written permission of the producing party or further order of the Court, continue to be binding throughout and after the conclusion of this action, including without limitation any appeals therefrom.  Within sixty (60) days after receiving notice of the entry of an order, judgment, or decree finally disposing of this action, including any appeals therefrom, all persons having received Confidential Information shall return such information and all copies thereof to counsel for the producing party, or shall certify destruction thereof.  Counsel described in Section 8(a) herein shall be entitled to retain court papers, deposition and trial transcripts and attorney-work product (including court papers, transcripts, and attorney work product that contain information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") provided that such counsel, and employees of such counsel, shall not disclose any such information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" contained in such court papers, transcripts, or attorney work product to any person or entity except pursuant to court order or a

14

written agreement with the producing party of the information.  All Confidential Information returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this section.

23.   **Subpoena of Confidential Information in Another Action.**  If any party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by one not a party to this action, seeking information which was designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by someone other than that party, the party shall give written notice within five (5) days of receipt of such subpoena, demand or legal process, to those who designated the information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and shall object to its production to the extent permitted by law.  Should the person seeking access to the information take action against the party or anyone else covered by this Protective Order to enforce such a subpoena, demand or other legal process, the party shall respond by setting forth the existence of this Protective Order. Nothing herein shall be construed as requiring the party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

This the _____ day of _____, 2007

SO ORDERED:

_____
United States Magistrate Judge

15

FOR PLAINTIFF:

FOR DEFENDANT:

| | |
|---|---|
| /s/_____<br><br>Christopher T. Holland, Esq.<br>(cholland@kksrr.com)<br>Garth A. Rosengren, Esq.<br>(grosengren@kksrr.com)<br>KRIEG, KELLER, SLOAN, REILLEY<br>& ROMAN LLP<br>114 Sansome Street, 4th Floor<br>San Francisco, CA 94104<br>Telephone:  (415) 249-8330<br>Facsimile:  (415) 249-8333<br>*Counsel for Plaintiff Silicon Knights,*<br>*Inc.* | /s/_____<br><br>Douglas W. Kenyon<br>(dkenyon@hunton.com)<br>N.C. State Bar No. 13242<br>Robert C. Van Arnam<br>(rvanarnam@hunton.com)<br>N.C. State Bar No. 28838<br>HUNTON & WILLIAMS LLP<br>Post Office Box 109<br>Raleigh, North Carolina 27602<br>Tel:  (919) 899-3000<br>Fax: (919) 899-3238<br>*Counsel for Defendant Epic Games, Inc.* |
| /s/_____<br><br>Hayden J. Silver, III, Esq.<br>(jaysilver@kilpatrickstockton.com<br>N.C. State Bar No. 10037<br>Betsy Cooke, Esq.<br>(bcooke@kilpatrickstockton.com)<br>N.C. State Bar No. 25353<br>KILPATRICK STOCKTON LLP<br>3737 Glenwood Avenue, Suite #400<br>Raleigh, N.C. 27612<br>Telephone:  (919) 420-1700<br>Facsimile:  (919) 420-1800<br><br>*Attorneys for Plaintiff Silicon Knights,*<br>*Inc.* | |

16

## <u>EXHIBIT A</u>

### Form of Agreement and Acknowledgment to
### be Bound by Protective Order

[Name of signator] ("Signator")hereby acknowledges that he/she has read and agrees to be bound by all of the terms of the attached Protective Order, dated _____, 2007, in the action captioned Silicon Knights, Inc. v. Epic Games, 5-07-CV-00275-D. Signator further agrees to consent to the jurisdiction of the United States District Court for the Eastern District of North Carolina for purposes of enforcement of the Protective Order. Signator further agrees that all Confidential Information, whether designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," will be used only for this litigation and will not be used for any other purposes.

Dated: _____

NAME AND ADDRESS OF SIGNATOR:

_____

_____

_____

## <u>CERTIFICATE OF SERVICE</u>

I, Gerald O. Sweeney, Jr., an attorney, certify that I caused a copy of the foregoing document to be served upon:

Anjali Kumar Karani
Krieg, Keller, Sloan, Reilley & Roman LLP
3737 Glenwood Ave, Suite 400
Raleigh, NC 21512

Christopher T. Holland
Garth A. Rosengren
cholland@kksrr.com
grosengren@kksrr.com
Krieg, Keller, Sloan, Reilley & Roman LLP
114 Sansome Street, 4th Floor
San Francisco, CA 94104

Hayden J. Silver, III
Betsy Cooke
jaysilver@kilpatrickstockton.com
bcooke@kilpatrickstockton.com
Kilpatrick Stockton LLP
3737 Glenwood Ave, Suite #400
Raleigh, N.C. 27612

*Attorneys for Plaintiff Silicon Knights, Inc.*

Douglas Kenyon
dkenyon@hunton.com
Robert Van Arnam
rvanarnam@hunton.com
Hunton & Williams LLP
P.O. Box 109
Raleigh, North Carolina 27602

*Counsel for Epic Games, Inc.*

on this 5th day of February, 2008, via U.S. Mail postage pre-paid and electronic mail to the addresses indicated above.

By:   /s/ Gerald O. Sweeney, Jr.
　　　　　Gerald O. Sweeney, Jr.