IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SILICON KNIGHTS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> EPIC GAMES, INC., ) <br> ) <br> Defendant. ) | Case No. 08 C 782 <br> Judge Gettleman <br> Magistrate Judge Schenkier <br><br> Case No. 5-07-00275-D <br> (Eastern District of North Carolina, Western Division) |

**MIDWAY GAMES INC.'S
MOTION TO EXTEND TIME TO PRODUCE DOCUMENTS**

Midway Games Inc. ("Midway") moves this Court for an extension of time to comply with this Court's order dated July 23, 2008, which requires Midway to produce certain documents by August 22, 2008. In support of this Motion, Midway states as follows:

**Introduction**

1. Midway requires additional time to produce the documents required by this Court's July 23, 2008 Order, and Silicon Knights, Inc. ("Silicon Knights") has advised Midway that it has no objection to a three week extension of time. In order to avoid the time and expense of performing multiple and possibly duplicative searches of its electronic documents, Midway had been waiting for Silicon Knights and Epic Games, Inc. ("Epic") to finalize an agreed list of the alleged "UE3 problems" at issue in the underlying action pending in North Carolina and for Silicon Knights to provide a list of the specific terms Silicon Knights wanted Midway to search. Midway's counsel first learned that the list of alleged "UE3 problems" had been finalized on August 15, 2008 when it received correspondence from Epic's counsel on August 18, 2008. On August 20, 2008, Silicon Knights' counsel provided Midway with the list of specific terms related to the alleged "UE3 problems" that Silicon Knights wants Midway to search. Given the

1

scope of the alleged "UE3 problems" and sources of electronic information that need to be searched, Midway requires additional time to produce the documents required by the Court's July 23, 2008 Order. That order requires Midway to produce documents by August 22, 2008. After personal consultation, ***Silicon Knights' counsel agreed to an extension of time, up to and including, September 10, 2008***, to produce the documents required by this Court's July 23, 2008 Order. Below is a summary of the time and effort the parties have expended in an attempt to comply with the original deadlines set forth in this Court's July 23, 2008 Order.

### Background Facts

2. Midway filed a motion to quash a subpoena issued by Silicon Knights in connection with a lawsuit pending in the Eastern District of North Carolina between Silicon Knights and Epic. In the underlying lawsuit, Silicon Knights claims that Epic violated a licensing agreement regarding a video game engine, the Unreal Engine III ("UE3"). Specifically, Silicon Knights claims that there were certain problems with UE3 that allegedly caused Silicon Knights to experience losses and ultimately forced Silicon Knights to spend time and resources building its own game engine to develop its video games. Midway is not a party to the underlying lawsuit between Silicon Knights and Epic.

3. On July 23, 2008, the Court entered an order granting in part and denying in part Midway's motion to quash. The Court ordered Midway to produce certain documents relating to complaints about UE3's performance and set the following schedule: (1) By July 25, 2008, Midway was to inform counsel for Silicon Knights how far its active database goes back, how may archival tapes it has for the term of the license agreement with Epic, and the time and expense it will involve to search the active and archival databases for responsive information; (2) By August 1, 2008, Silicon Knights was to inform Midway of the scope of the search it wants

Midway to undertake; (3) By August 22, 2008, Midway is to provide the requested information to Silicon Knights; and (4) By August 29, 2008, the parties are to meet and confer regarding any disagreements regarding redactions from produced documents.

4.     In compliance with the Court's order, Midway's counsel informed Silicon Knights' counsel how far Midway's active database goes back, how may archival tapes it has for the term of the license agreement with Epic, and the projected time and expense it will involve to search the active and archival databases for responsive information. (*See* e-mail from Gerald Sweeney to Daniel Konieczny dated July 25, 2008, attached as Exhibit 1). Specifically, Midway's counsel informed Silicon Knights' counsel that two servers, the "Twiki" server and the "List" server, were immediately searchable. Midway's counsel also informed Silicon's counsel that its e-mails were archived daily and it had approximately 5000 backup tapes and that potentially 800 employees may have electronic files related to UE3 on their computers. Finally, Midway's counsel inquired as to how Silicon Knights wanted to proceed and advised Silicon Knights' counsel that "[t]his is a significant undertaking and will require an immediate response and an outside contractor if there is any possibility of meeting the Court's production date of August 22, 2008." *Id.*

5.     On July 28 and 29, 2008, Midway's counsel sent e-mails to Silicon's local counsel and lead counsel requesting whether Silicon Knights wanted Midway to start searching the Twiki and List servers because they are immediately searchable. (*See* e-mail from Gerald Sweeney to Daniel Konieczny dated July 28, 2008, and e-mail from Gerald Sweeney to Chris Holland dated July 29, 2008, attached as Exhibits 2 and 3, respectively.)

6.     On July 30, 2008, Silicon's counsel sent Midway's counsel a letter requesting additional information regarding the sources of electronic information at Midway and the

estimated cost to search the data, to which Midway's counsel responded that same day. (*See* letter from Daniel Konieczny to Gerald Sweeney dated July 30, 2008, and e-mail from Gerald Sweeney to Chris Hollander and Daniel Konieczny dated July 30, 2008, attached as Exhibits 4 and 5, respectively.)

7. Subsequently, Midway's counsel and Silicon Knights' counsel conferred on several occasions both in writing and telephonically regarding the estimated scope and cost of the production and the protocol for searching Midway's electronic documents. (*See* letter from Timothy Hudson to Gerald Sweeney dated August 1, 2008, letter from Gerald Sweeney to Timothy Hudson dated August 5, 2008, letter from Timothy Hudson to Gerald Sweeney dated August 6, 2008, e-mail from Gerald Sweeney to Timothy Hudson dated August 6, 2008, e-mail from Timothy Hudson to Gerald Sweeney dated August 7, 2008, and e-mail from Gerald Sweeney to Timothy Hudson dated August 7, 2008, attached as Exhibits 6 to11, respectively.)

8. On August 7, 2008, Midway's counsel learned that Silicon Knights and Epic were involved in ongoing discussions regarding the scope of "UE3 problems" at issue in the North Carolina case. (*See* Exhibit 11) The purpose of the discussions was to create an agreed upon list of alleged "UE3 problems" that would define the scope of searches that Epic would perform on its own data bases for documents responsive to Silicon Knights' discovery in the underlying action. Midway's counsel also learned that the list of alleged "UE3 problems" would not be finalized until August 13, 2008, at the earliest. *Id.*

9. In order to avoid the time and resulting expense of running multiple and possibly duplicative searches, Midway requested that Silicon Knights provide the final list of alleged "UE3 problems" before Midway began its search of electronic records. *Id.* Midway's counsel also requested that Silicon Knights provide a list of the specific search terms Silicon Knights

4

wanted Midway to search to avoid any future dispute about the scope of the search that Midway performed. *Id.* Midway's counsel assured Silicon Knights' counsel that Midway did not use any special terminology regarding its use of UE3 or the purported problems with UE3. (*See* e-mail from Timothy Hudson to Gerald Sweeney dated August 8, 2008, and e-mail for Gerald Sweeney to Timothy Hudson dated August 8, 2008, attached as Exhibits 12 and 13, respectively.)

10. On August 18, 2008, Midway was advised by Epic's counsel that the list of alleged UE3 problems had been finalized. (E-mail from Sean Braswell to Gerald Sweeny dated August 18, 2008, attached as Exhibit 14.)

11. On August 20, 2008, Silicon Knights' counsel provided Midway with the list of specific terms related to the alleged "UE3 problems" that Silicon Knights wants Midway to search.

12. Given the scope of the alleged "UE3 problems" and sources of electronic information that need to be searched, it is not possible for Midway to fully comply with the previous order by August 22, 2008.

13. The Court's July 23, 2008 Order schedule the deadline for producing documents as August 22, 2008, which is three weeks after Silicon Knights was to inform Midway of the scope of the search it wanted Midway to undertake.

14. As a result, Midway requests a three week extension of time, up to and including, September 10, 2008, to produce the documents required by this Court's July 23, 2008 Order.

15. Midway's counsel has conferred with Silicon Knights' counsel, Timothy Hudson, who advised that Silicon Knights has no objection to the extension of time requested in this motion.

16. Both parties are available for telephonic status conference in the event that the

5

Court requires additional information regarding this issue.

## Conclusion

17.     Accordingly, Midway requests that this Court an extension of time up to and including September 10, 2008 for Midway to produce the documents required by the Court's July 23, 2008 Order.

WHEREFORE, Midway Games, Inc. requests that this Court enter an Order allowing Midway an extension of time up to and including September 10, 2008 to comply with this Court's July 23, 2008 Order requiring Midway to produce certain documents.


Dated:  August 21, 2008                                       Respectfully submitted,

                                                      **MIDWAY GAMES INC.**

                                                      By:  s/ Gerald O. Sweeney, Jr.
                                                           Attorney for Midway Games Inc.

Gerald O. Sweeney, Jr.
**Barnes & Thornburg LLP**
One North Wacker Drive, Suite 4400
Chicago, Illinois 60606
(312) 357-1313

**CERTIFICATE OF SERVICE**

I, Gerald O. Sweeney, Jr., an attorney, certify that a copy of the foregoing *Midway Games Inc.'s Motion to Extend Time to Produce Documents* was served on the following attorneys of record via the Court's CM/ECF system on this 21st day of August 2008:

**Caesar A. Tabet**
**Timothy A. Hudson**
**Daniel I. Konieczny**
Tabet DiVito & Rothstein, LLC
209 South LaSalle Street
Seventh Floor
Chicago, IL 60604
(312) 762-9450
Email: dkonieczny@tdrlawfirm.com
Email: thudson@tdrlawfirm.com


I, Gerald O. Sweeney, Jr., an attorney, also certify that a copy of the foregoing *Midway Games Inc.'s Motion to Extend Time to Produce Documents* was served on the following attorneys of record via facsimile on this 21st day of August 2008:

**Christopher T. Holland**
**Garth A. Rosengren**
**Anjali Kumar Kurani**
Kreig Keller Sloan, Reilly & Roman LLP
114 Sansome Street, 4th Floor
San Francisco, CA 94104
Fax: (415) 249-8333


By: s/ Gerald O. Sweeney, Jr.
Attorney for Midway Games Inc.