IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SILICON KNIGHTS, INC., | ) |
| | ) |
| Plaintiff, | ) Case No. 08 C 782 |
| | ) Judge Gettleman |
| vs. | ) Magistrate Judge Schenkier |
| | ) |
| EPIC GAMES, INC., | ) Case No. 5-07-00275-D |
| | ) (Eastern District of North Carolina, |
| Defendant. | ) Western Division) |

**MIDWAY GAMES INC.'S
MOTION FOR COURT SUPERVISION OF DOCUMENT PRODUCTION**

Midway Games Inc. ("Midway") moves this Court for supervision of compliance with this Court's discovery order dated July 23, 2008 (modified by order dated August 26, 2008) pertaining to Midway's production of certain documents pursuant to subpoena. In support of this Motion, Midway states as follows:

**Introduction**

1.　In response to the subpoena from Silicon Knights and subsequent motion practice, Midway provided three proposals to Silicon Knights for the collection, inventory, extraction, and staging of documents for searching based on information available to it concerning its business operation and IT. The proposals and the reasons behind the proposals, including the associated estimated third party costs are explained in correspondence dated September 4, 2008. (Exhibit 1). The proposals were rejected in email dated September 5, 2008 (Exhibit 2) and in correspondence dated September 9 and 10, 2008. (Exhibits 3 & 4). The parties are at an impasse. For the reasons stated herein, Midway requests that the Court supervise this matter.

**Background**

2.  Midway received Silicon Knights and Epic Games, Inc. ("Epic") finalized agreed list of the alleged "UE3 problems" at issue in the underlying action pending in North Carolina on August 18, 2008. (Exhibit 5). On August 20, 2008, Silicon Knights' counsel provided Midway with a five page list of specific terms related to the alleged "UE3 problems" that Silicon Knights wants Midway to search. (Exhibit 6). On August 26, 2008, this Court extended to September 10, 2008, the dates for production pursuant to Midway's unopposed motion and provided for a September 19, 2008 meet and confer by the parties concerning any dispute by the parties about the production. (Exhibit 7)

3.  On Thursday, August 28, 2008, counsel for Midway conferred with James Norman, Barnes & Thornburg LLP's Technology Services Manager; Rosemary Hackett, Midway Director of IT; and Michael Weilbacher, Midway Chief Technology Officer. Thereafter, a conference call was held with the same individuals and with Adam Faber and Michael Weil of the Huron Consulting Group. (Exhibit 8)

4.  Huron Consulting Group are experts in E-discovery and work to design, formulate, and implement corporate electronic data discovery; provide expertise and infrastructure coordination to execute processing of electronic evidence and data analysis; and provide project management and access to the resources needed to assimilate electronic source data management into the overall discovery plan with internal departments and counsel.

5.  The subject of the consultation was the most efficient, expedient, and complete method (including cost options based on the scope of collection) for collecting, inventorying, extracting, staging and preparation for data processing the electronically stored information from the following existing Midway sources implicated in Silicon Knights' subpoena at six geographic locations both in and outside of the United States: custodian hard drives, Exchange email servers,

file server directories, a listserv, a TWicki, and server back up tapes. The discussion was on the collection of electronically stored information pertaining to the final list of alleged "UE3" terms utilizing the five pages of search terms (or a modified version thereof) provided by Silicon Knights.

6. It was determined that the process for collection, inventorying, extraction, staging and preparation for processing required further discussion at Midway's Chicago headquarters. The subsequent meeting took place at 8:30 a.m. on the following Tuesday, September 2, 2008, after the Monday Labor Day Holiday. That meeting was attended by the individuals identified herein as well as counsel for Midway.

7. Technical and Human Resources analysis of the requirements of the data collection based on the breadth of Silicon Knights' subpoena as embodied in the final list of "UE3" problems and the five page search term list revealed that meeting the production required by Silicon Knights' subpoena would not only impose undo burden and expense, but make it impossible for Midway to accomplish the task without third party assistance. Based on multiple factors, including the ability to preserve the integrity and chain of custody of electronic data accessed during the collection process, it was concluded that the data collection required could not be achieved independently by Midway. More specifically, the data is located in six diverse physical locations: Chicago; San Diego; Austin; Moorpark/LA; and Newcastle, U.K. Midway does not have sufficient employees with the requisite technical expertise to collect, inventory, extract, stage and prepare the data for processing or to access hard drives of game designers outside of working hours (which are generally from early morning to late night hours) to complete consumer video game products in the final phases of development and scheduled for release.

8. For these reasons, Midway sought the services of Huron Consulting Group and solicited its proposal based on a review of the subpoena, search terms and Midway's IT as described herein. As stated, Huron met with the knowledgeable Midway representatives on the separate issues of Midway's IT, the collection technology and expertise implicated by the subpoena, and the human resources required to accomplish the necessary tasks. Huron presented proposals to Midway's counsel, a copy of which is attached hereto. (Exhibit 9). The terms and conditions of those proposals provided the exact basis for the proposals made to Silicon Knights, which have been rejected.

9. Midway, in response to Silicon Knights' specific request, offered three cost options based on the scope of the collections. Without any basis, Silicon Knights does not accept Midway's representations about what is required internally of Midway to respond to the subpoena; rejects that there are significant costs involved in the collection and review of the documents requested; makes unworkable demands upon Midway as to how the necessary tasks are to be performed internally; and qualifies those demands by stating that acting in accordance with their demands does not relieve Midway from full compliance. For the reasons set forth herein, the parties are at an impasse on this discovery matter.

10. For the reasons stated, Midway has carefully considered the matter and made proposals to Silicon Knights that reflect the reasonable method of complying with its subpoena.

11. Silicon Knights refuses to commit to the significant expense associated with the inspection and collection required of Midway, which is not a party.

12. For this and other reasons stated herein, Midway requests that the Court supervise this discovery matter.

## Conclusion

WHEREFORE, Midway Games Inc. requests that this Court enter an Order consistent with the relief requested herein.

Dated: September 12, 2008                    Respectfully submitted,

**MIDWAY GAMES INC.**

By: s/ Gerald O. Sweeney, Jr.
    One of its Attorneys

Gerald O. Sweeney, Jr.
Barnes & Thornburg LLP
One North Wacker Drive, Suite 4400
Chicago, Illinois 60606
Telephone:   (312) 357-1313
Telefax:        (312) 759-5646

CHDS01 GSWEENEY 497374v1